UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:16-CR-16-GFVT
(Related Civil Action No. 6:18-CV-223-GFVT)

UNITED STATES OF AMERICA,             PLAINTIFF/RESPONDENT,

V.             **RECOMMENDED DISPOSITION**

TRACY FLYNN LOPEZ,             DEFENDANT/MOVANT.

*** *** *** ***

Tracy Lopez is a federal prisoner that moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [R. 46]. The United States has responded in opposition. [R. 57]. Lopez replied. [R 62]. Now, this matter being ripe and after full review, the undersigned recommends that Lopez's request for § 2255 relief [R. 46] be denied, and that the Court also deny a Certificate of Appealability.

I.

On September 21, 2016, Lopez pled guilty to one count of knowingly and intentionally conspiring to distribute heroin, resulting in the serious bodily injury of another person, in violation of 21 U.S.C. § 846. [*See generally* R. 18, 21, 45]. The Court sentenced Lopez to incarceration for 156 months, followed by 5 years of supervised release. [R. 45 at 2-3]. She did not appeal. Instead, Lopez submitted a timely § 2255 motion [R. 46, 51], raising several claims of ineffective assistance of counsel against her attorney. Because of counsel's allegedly prejudicial errors, Lopez seeks to vacate her conviction entirely so that she can be brought back to the pre-plea stage. [R. 51 at 24]. However, based upon the full record and under the applicable standards, all her claims fail.

## II.

Lopez raises six claims—all of which challenge the effectiveness of counsel's representation. Her first three claims are Fourth Amendment challenges, faulting counsel for not moving to suppress: (1) statements she made during a traffic stop because the police officer allegedly failed to *Mirandize* her, and because she was intoxicated; (2) the traffic stop itself; and (3) the search warrant used to search her residence. She further claims that counsel failed to: (4) attack the sufficiency of the evidence; (5) challenge medical reports indicating that the victim had ingested drugs other than the heroin that contributed to serious bodily injury; and (6) that counsel forced her to plead guilty without discussing the option of going to trial. [R. 51 at 4-23].

Lopez's motion, however, fails to corroborate her allegations. As the movant, she holds the burden of justifying relief. Her failure to specify a corroborative factual field stands in the way of her pursuit of relief. *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (noting that courts have no duty to accept a "petitioner's allegations . . . as true [if] they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks removed)).

## III.

Under the Sixth Amendment, criminal defendants have the right to the assistance of counsel for their defense. U.S. CONST. AMEND. VI. The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), controls the analysis of any Sixth Amendment ineffective-assistance-of-counsel challenge. To satisfy *Strickland*, the movant must first establish deficient performance. This requires showing "that counsel's representation fell

below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 687-89. However, in considering whether counsel's representation was deficient, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690; *accord Bigelow*, 367 F.3d at 570; *Mallett*, 334 F.3d at 497; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

However, even if a petitioner is successful in overcoming the presumption of adequate assistance, the second prong of the *Strickland* test, prejudice, must still be satisfied. In order to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the plea-bargaining context, this prejudice-prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *Missouri v. Frye*, 566 U.S. 134, 147-48 (2012); *Fitzpatrick v. Robinson*, 723 F.3d 624, 634 (6th Cir. 2013); *Cauthern v. Colson*, 736 F.3d 465, 483 (6th Cir. 2013). A defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial." *Lockhart*, 474 U.S. at 59. In other words, a defendant must demonstrate a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

Thus, a petitioner must show not only that counsel's representation was objectively unreasonable, but also that the petitioner was prejudiced by counsel's deficiency because there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McPhearson* v. United States, 675 F.3d 553, 563 (6th

Cir. 2012) (quoting *Strickland*, 466 U.S. at 694). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 670.

### A.  Failure to file a motion to suppress

Because Lopez's "ineffective-assistance-of-trial-counsel claim is based on a motion to suppress, [the Court's] prejudice analysis 'turn[s] on the viability' of that motion." *Carter v. Parris*, 910 F.3d 835, 839 (6th Cir. 2018) (quoting *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348 (11th Cir. 2015) and citing *Grumbley v. Burt*, 591 F. App'x 488, 500-01 (6th Cir. 2015)). Since Lopez cannot show that her Fourth Amendment challenges would have been successful, regardless of her attorney's arguments, she cannot show prejudice. *See Kimmelman v. Morrison,*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.")).

**1. Statements & Traffic Stop**

Lopez first argues that her statements were involuntary because she was never given her *Miranda* rights before being subjected to custodial interrogation, and because she was intoxicated. [R. 51 at 4]. Her assertion is based on the Fifth Amendment to the United States Constitution, which states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The government must advise a person of his rights under the Fifth and Fourteenth Amendments before commencing a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966). Once advised, an individual

may waive his rights, but the waiver must be knowing, intelligent, and voluntary. *Id*. at 475. In addition, Lopez faults counsel for failing to challenge the traffic stop itself because it was allegedly done without cause. [R. 51 at 7]. A stop of a vehicle "constitutes a seizure within the meaning of the Fourth Amendment," and the Court may "review the reasonableness of police conduct in effectuating a traffic stop under the principles set forth in *Terry v. Ohio*, 392 U.S. 1 (1968)." *United States v. Stepp*, 680 F.3d 651, 661 (6th Cir. 2012) (internal quotation marks omitted). However, because Lopez cannot show how Fourth Amendment challenges to incriminating statements she might have made during questioning would have changed the outcome of the proceedings, her first and second claims fail.

On September 21, 2016, Lopez pled guilty to one count of knowingly and intentionally conspiring to distribute heroin, resulting in the serious bodily injury of another person, in violation of 21 U.S.C. § 846. [*See generally* R. 18, 21, 45]. Facts sufficient to support the plea in this case were not dependent upon statements allegedly made by Lopez. For instance, the factual basis supporting her plea in this case was based upon the statements and cooperation of a coconspirator, Joe Perkins. The evidence indicates that Perkins was identified as a source who supplied an overdose victim with heroin. [R. 57-5]. Following his arrest Perkins identified Tracy Lopez as his source of supply for heroin, agreed to assist law enforcement by participating in a recorded call with Lopez, and by providing statements which were incorporated into an application for a search warrant for Lopez' home. [R. 57-5; ]. As a result, a search of Lopez's residence yielded the discovery of over 16 grams of heroin, a set of scales, cash, cell phones and other miscellaneous items in the garage. [R. 57-5; Page ID# 270]. In Lopez's vehicle officers found an additional 2 grams of heroin in her purse. [R. 57-5: Page ID# 270].

Within her plea agreement, Lopez admitted the following factual basis:

> (a) From approximately May 1, 2016, until May 7, 2016, the Defendant had an agreement with Geoffrey Perkins, aka Joe Perkins, to distribute heroin. Perkins was supplied heroin on multiple occasions by the Defendant during this period. On May 3, 2016, Perkins distributed heroin to "F.V." in Pulaski County, Kentucky. F.V. used a hypodermic needle to ingest the heroin and lost consciousness. Family members found F.V. and called 911. When EMTs arrived, F.V. was not breathing, but had a pulse. NARCAN, a drug designed to counteract the effects of an opiate, was administered and F.V. survived.
>
> (b) Following F.V's use of the heroin distributed by Perkins, a substantial risk of death was created. Had emergency responders not intervened, there is a likelihood that F.V. would have died, based upon her condition when found combined with the amount of heroin metabolite found in her blood. Serious bodily injury, therefore, resulted from the use of heroin distributed as part of the agreement between the Defendant and Perkins.

[R. 20].

Clearly, the evidence in the Court record provides facts sufficient to support the charge to which Lopez plead, and she fails to show how suppression of any alleged statements would have changed the outcome. For instance, Lopez's motion and memorandum reflect the complete absence of any allegedly incriminating statements she made and what she wishes counsel would have suppressed. Lopez simply fails to show how counsel acted deficiently by failing to challenge the "statements" she made during the traffic stop. Further, she fails to show how she was potentially prejudiced because she cannot show how suppression of any alleged statements would have changed the outcome of the proceedings in this case. "Where

defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that [her] Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986).

2. **Traffic Stop**

Lopez faults counsel for failing to challenge the traffic stop itself because it was allegedly carried out without cause. [R. 51 at 7]. However, this claim fails for the same reasons stated above. The evidence in the Court record provides facts sufficient to support the charge to which Lopez plead, and she fails to show any how suppression of any alleged statements would have changed the outcome. For instance, Lopez's motion and memorandum reflect the complete absence of any allegedly incriminating statements she made and what she wishes counsel would have suppressed. Evidence obtained by law enforcement from Perkins and his passenger, as well as evidence gleaned from the validly executed search warrant supports Lopez's plea in this case. Lopez's baseless assertion that counsel was deficient for failing to file a motion challenging the stop of her vehicle does not support a finding of ineffective assistance of counsel.

3. **Search Warrant**

Lastly, Lopez's challenge to the veracity of her co-conspirator Geoffrey (aka "Joe") Perkins's statements to secure a search warrant of her property is similarly unsupported. The test for determining probable cause through an informant is the totality of circumstances,

which takes into consideration factors like the veracity, reliability, and basis of knowledge. *Illinois v. Gates,* 462 U.S. 213, 230 (1983). According to the Sixth Circuit, "under a 'totality of the circumstances' approach, a deficiency in [veracity, reliability, and basis of knowledge] 'may be compensated for, in determining the overall reliability of [an informant's] tip by a strong showing as to the other or by some other indicia of reliability.'" *United States v. Smith*, 182 F.3d 473, 477-78 (6th Cir. 1999) (citing *Gates*, 462 U.S. at 233). Even if a court doubts an informant's motives, an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand" entitles the information to greater weight. *United States v. Howard*, 632 F. App'x. 795, 798-99 (6th Cir. 2015). In other words, the disclosure of Perkins's identity gives more credibility than an anonymous tipster. *See United States v. Hodges*, 714 F.3d 380, 384-85 (6th Cir. 2013) (stating that "[s]tatements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability"). The court must merely ensure that the "magistrate was informed of some of the underlying circumstances from which the informant concluded evidence of a crime is where he claimed it would be, and some of the underlying circumstances from which the officer concluded that the informant was reliable." *Smith*, 182 F.3d at 478 (internal quotation omitted).

Lopez states that the search warrant failed to specify her interactions with Perkins, and the drug amounts he obtained from her. [R. 51 at 10-11]. She also contends that the police officers never investigated and corroborated her statements to assess his credibility. [*Id*. at 13-14]. However, contrary to these assertions, Perkins provided explicit first-hand information of his interactions with Lopez, which the officers corroborated by having Perkins call her at

the officer's direction . [S*ee* R. 57-5 at 4-5]. In addition, Lopez ignores the information contained within the search warrant affidavit; namely, that Perkins bought the heroin from Lopez's home on three separate occasions and describes the amount and extent of these purchases. [R. 57-4 at 4]. Therefore, there was no issue relying on Perkins's statements to find probable cause in the warrant under the totality of the circumstances.

In sum, because Lopez has failed to show that her Fourth Amendment challenges would have been successful, she cannot say that counsel's performance somehow constitutes deficient performance.

### B.

Next, Lopez faults counsel "for failing to hold the government to its burden of proof." [R. 51 at 15]. In other words, she claims there was insufficient evidence for the government to prove that she was the source of the heroin that contributed to substantially injuring another. *Id*. While this allegation is framed as an ineffective assistance of counsel claim, Lopez asks the Court to find there was insufficient evidence to support the charge to which she pleaded guilty. Unfortunately, however, her claim that there was not enough evidence to support her conviction may not be reviewed by this Court in a 28 U.S.C. § 2255 proceeding. *See United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (noting that a "sufficiency of the evidence [claim] to support a conviction may not be collaterally reviewed on a § 2255 proceeding"); *United States v. Shields*, 291 F.2d 798, 799 (6th Cir. 1961), *cert. denied*, 368 U.S. 933 ("A Section 2255 proceeding cannot be used as a substitute for an appeal.").

By disguising this claim as an ineffective assistance of counsel claim, Lopez seeks to contradict her own statements in the record. Pursuant to the plea agreement, Lopez admitted that the government could prove beyond a reasonable doubt that she engaged in a conspiracy

with Perkins to distribute heroin, leading to the cause of an eventual overdose of another (namely, "F.V."). [*See* R. 20 at 2]. Before accepting the guilty plea, the Court thoroughly confirmed Lopez's understanding with a series of questions. [R. 56 at 45-53]. Lopez admitted that she: 1) had met with Perkins on three separate occasions to supply him with heroin; 2) knew heroin was an illegal, controlled substance; and 3) knew that Perkins was distributing this drug to others. [*Id*. at 48-49]. In turn, after covering the plea agreement, the Court found Lopez to be fully competent because she accepted clear knowledge and understanding of the facts containing the essential elements of the offense charged. [*Id*. at 53-54]. Thus, while Lopez attempts to frame her argument as an ineffective-assistance claim, the Court fails to see any deficiency in counsel's performance.

Twice during her re-arraignment Lopez affirmed her belief that the government could prove the charge against her. [*Id*. at 45, 50]. Indeed, Lopez was aware of the evidence against her, and knew what she would be losing by entering a plea agreement. Lopez knew she would be losing several rights; including her right to appeal or collaterally attack her guilty plea, conviction, and sentence. [*Id*. at 23, 39-42; see also R. 20 at 3, ¶ 8]. The only possible claim she did not waive was a claim for ineffective assistance of counsel. However, since Lopez knowingly, voluntarily, and intelligently pleaded guilty, her binding plea agreement— including the admissions and waiver therein— is fully enforceable and bars Defendant's challenge to the sufficiency of the evidence. "*Mitchell v. United States*, Nos. 2:05-CV-274, 2:04-CR-02, 2007 WL 325762, at *3 (E.D. Tenn. Jan. 31, 2007) (barring a challenge to the sufficiency of the evidence where the petitioner knowingly and voluntarily waived the right to collaterally attack his plea).

## C.

Lopez faults counsel with failing to challenge the medical reports which list drugs other than the heroin that seriously injured the victim. [R. 51 at 19]. She relies on the Supreme Court holding in *Burrage*, which held that:

> where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury.

*Burrage v. United States*, 571 U.S. 204, 218-19 (2014). Thus, she argues that the heroin that injured the victim must be an independently enough cause of injury. But, the *Burrage* Court clarified that the but-for cause is satisfied, and the enhancement provision of 21 U.S.C. § 841(b)(1)(C) applies, even when the distributed drug is not an "independently sufficient cause of the … serious bodily injury" itself. *Id*. "In other words, use of the drug must have been a but-for cause of the victim's death or injury." *United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015 (citing *Burrage*, 571 U.S. at 218-19).

In explaining *Burrage*, the Sixth Circuit clarified that:

> the government must show the drug distributed by the defendant would have killed the victim independent of other drugs in the victim's system or that the drug caused a death that would not have otherwise occurred.... Thus, even if the drug in question would not have caused the victim's death on its own, the person who provided the drug is still liable if the drug was the straw that broke the camel's back. In short, *Burrage* only permits overturning a conviction if the defendant shows uncertainty over whether taking the drug produced a death that would not have otherwise occurred.

*Obi v. United States*, No. 18-2442, 2019 WL 6998155, at *4 (6th Cir. Dec. 20, 2019) (citations and quotation marks omitted). Here, because the but-for test is satisfied, Lopez's argument is without merit.

In Lopez's plea agreement, Lopez admits that she supplied heroin to Perkins, her co-conspirator, who in turn supplied the drug to a victim ('F.V."). [*See* R. 20 at 2, ¶ 3(a)]. It further admits that "F.V. used a hypodermic needle to ingest the heroin and lost consciousness." Because EMTs were able to reach F.V. when the victim had a pulse, they were able to administer "N[arcan], a drug designed to counteract the effects of an opiate … and F.V. survived." [*Id*.]. Critically, "[h]ad emergency responders not intervened, there is a likelihood that F.V. would have died, based upon her condition when found combined with the amount of heroin metabolite found in her blood." [*Id*.].

Though the victim had other drugs in her system— namely, clonazepam, morphine, and cotinine (*see* R. 57-6), — that is of no consequence. "But-for causation exists where use of the controlled substance 'combines with other factors to produce' [injury], and [injury] would not have occurred 'without the incremental effect' of the controlled substance. *Volkman*, 797 F.3d at 392 (quoting *Burrage*, 571 U.S. at 218-19). Lopez does not argue in her current motion that the factual statement in her plea agreement was inaccurate or that his guilty plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 71-75 (1977); *Ramos v. Rogers*, 170 F.3d 560, 563-64 (6th Cir. 1990). Thus, she is bound to her sworn statements in her plea agreement.

### D.

Lastly, Lopez argues that counsel forced her into signing the plea agreement with the threat of receiving a life sentence. [R. 51 at 22]. She states that she maintained her innocence, and if counsel had reviewed the government's discovery and informed her of her trial rights, she would have taken the option of going to trial. [*Id.* at 22-23]. The record contradicts her claim.

Challenges to guilty pleas based upon ineffective assistance of counsel are governed by this same two-part *Strickland* test. *See Lockhart,* 474 U.S. at 57-59. Thus, Lopez must demonstrate that counsel's performance fell below an objective standard of reasonableness and there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different not have pleaded guilty). *Id.* at 58-59; *see also Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002) ("The duty of defense counsel to consult is paramount when a client has to decide whether or not to waive a constitutional right, such as the right to trial."). In other words, Lopez must show that she would not have pleaded guilty and would have gone to trial.

These assertions sharply contradict the under-oath statements that Lopez made at her rearraignment. During the proceeding, Lopez affirmed that no one had promised, forced, or otherwise threatened her into signing pleading guilty. [R. 56 at 25-26]. The Court advised her of all the rights she would be giving up, including her right to a trial before a jury. [*Id.* at 27-29]. In addition, the Court extensively inquired about whether she believed counsel had provided her with effective representation; notably, by asking whether she had *any* issues with counsel's performance:

> THE COURT: Now, have you received a copy of the indictment in the case, ma'am?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you had the chance to review that document with your lawyer?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you discussed the charges in the indictment with your lawyer?
>
> THE DEFENDANT: Yes, sir.

>THE COURT: Have you discussed criminal prosecutions in general and how they work and what your rights would be at a trial with your lawyer as well?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you think you've had enough time to discuss the charges against you and the case in general before this hearing?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Have you been rushed at any point in the process leading up to today?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: Are you satisfied with the advice, counsel and representation that your lawyer has provided to you?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you believe he has assisted you effectively in defending the charges?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: Do you have any complaint whatsoever about his performance –
>
>THE DEFENDANT: No, sir.
>
>THE COURT: -- as your lawyer?
>
>THE DEFENDANT: No, sir.

[R. 56 at 15-16].

Rule 11 procedures are designed to ensure a defendant pleading guilty understands his constitutional rights, the plea is being entered voluntarily with a full understanding of the nature of the crime charged and the consequences of the guilty plea, and a factual basis exists for the crime to which the plea is being offered. FED.R.CRIM.P. 11; *United States v. Goldberg*,

862 F.2d 101, 106 (6th Cir. 1988). For these reasons, a habeas petitioner faces a heavy burden in collaterally attacking a guilty plea based on allegations contrary to oral responses given in open court during a Rule 11 colloquy. *See Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992). Especially because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. After hearing from Lopez, in accordance with Rule 11(b)(2), the Court found that Lopez had "knowingly, voluntarily, and intelligently" entered a guilty plea.

Counsel denies Lopez's arguments. "[O]n multiple occasions[, Lopez told counsel] that she did not want a jury trial," because "she believed it was in her best interests to cooperate and provide 'substantial assistance' to the United States government in order to mitigate her charge." [R. 57-1 at 6 (¶ 8)]. Because the statutory mandatory minimum was twenty (20) years, Lopez was faced with a difficult decision. Nonetheless, after having "lengthy meetings" with Lopez and doing "a comprehensive review of the discovery, it was mutually decided that [Lopez] was best served by cooperating with the United States government." [*Id.*, ¶ 9]. Eventually, this cooperation is what ultimately led to the dismissal of all four counts of her Class C felonies in her state court indictment. [*Id*].

In sum, the Court fails to find in the record any support in Lopez's allegations that she was somehow coerced by counsel into signing the plea agreement, rendering her guilty plea involuntary. This claim cannot offer Lopez any relief.

**IV.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336; 28 U.S.C. § 2253(c)(2). In cases where a district court has rejected a petitioner's constitutional

claims on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Lopez's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 327. Accordingly, the undersigned also recommends that the District Judge deny a certificate of appealability upon the entry of a final order in this matter.

## V.

The sentence that Lopez received, from 240 months imprisonment to 156 months, was generous. Indeed, it was Lopez's cooperation, with her attorney's assistance and advice, that led the dismissal of count 2 of the indictment, which charged Lopez with knowingly and intentionally possessing heroin with distributive intent, in violation of 21 U.S.C. § 841(a)(l). In turn, the cooperation in federal court led to the dismissal of four counts in Lopez's state court indictment. [*See* R. 57-1 at 6, ¶ 9]. As counsel explained, he "ha[d] a duty not only to zealously represent his client but [also to] not file frivolous or unsupported motions with the court." [*Id.* at 5, ¶ 5]. For this reason, he did not file the meritless suppression motion that Lopez allegedly wishes counsel would have filed. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at

687. Lopez has simply failed to meet her burden with regards to all the claims she raises in her § 2255 motion. For these reasons,

    **IT IS RECOMMENDED** that:

(1) Tracy Flynn Lopez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [R. 46] be denied; and

(2) that the District Judge deny a Certificate of Appealability in conjunction with the Court's entry of final judgment in this matter.

\* \* \* \* \*

Particularized objections to this Recommended Disposition must be filed within fourteen (14) days of the date of service of the same. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Failure to make a timely objection consistent with the statute and rule may result in waiver of further appeal or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Any response to another party's objections must be filed within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED.R.CRIM.P. 59(b)(1).

Signed April 6, 2020.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge