UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No.: 6:16-cr-00016-GFVT-EBA-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TRACY FLYNN LOPEZ, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant Tracy Flynn Lopez's Motion for
Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 77.] For the reasons that
follow, Ms. Lopez's motion will be DENIED.

**I**

On August 16, 2017, this Court sentenced Ms. Lopez to 156 months of imprisonment and
five years of supervised release after she pleaded guilty to Conspiracy to Distribute a Mixture or
Substance Containing a Detectable Amount of Heroin, a Schedule I Controlled Substance, the
Use of Which Resulted in Serious Bodily Injury of Another Person in violation of 21 U.S.C. §
846. [R. 45.] On May 21, 2020, Ms. Lopez, filed her first motion for compassionate release,
which the Court denied without prejudice the following week because Ms. Lopez failed to
demonstrate that she had exhausted her administrative remedies. [R. 71; R. 75.]

On February 14, 2022, Ms. Lopez filed her second motion for compassionate release. [R.
77.] Ms. Lopez requests release, or in the alternative home confinement, because of a
combination of health concerns and the Covid-19 pandemic. *Id.* The United States responded in

opposition to Ms. Lopez's motion on February 23, Ms. Lopez replied on March 10, and Ms. Lopez provided a supplemental letter in support of her motion on March 25. [R. 82; R. 83; R. 85.]

## II

## A

## 1

As an initial matter, the Court addresses the exhaustion requirement, which is a mandatory prerequisite to a prisoner bringing a motion for compassionate release in district court. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Under the First Step Act, a compassionate release reduction must first be sought through the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for such a reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

Ms. Lopez failed to demonstrate that she had exhausted her administrative remedies when she filed her first motion for compassionate release. [R. 75.] However, this time, Ms.

Lopez exhausted her administrative remedies and attached to her motion both her request for
release to the Warden and the Warden's denial.  [R. 77-1 at 1–2.]  The United States does not
contest that Ms. Lopez exhausted her administrative remedies.  Because Ms. Lopez exhausted
her administrative remedies, the Court will proceed to the merits of Ms. Lopez's motion.

**2**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not
mandatory."  *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).  In general, at the
court's discretion, § 3582 allows for modification of a term of imprisonment if the following
substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a
reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable
Sentencing Commission policy statements; and (3) a finding that applicable § 3553(a) factors
support release.  *Id.*  However, if a prisoner files a motion for compassionate release, as opposed
to a motion brought by the Director of the Bureau of Prisons, "federal judges may skip step two
of the § 3582(c)(1)(A) inquiry."  *Id.* at 1111; *see also United States v. Elias*, 984 F.3d 516, 519
(6th Cir. 2021) ("[Section] 1B1.13 is not an applicable policy statement for compassionate-
release motions brought directly by inmates"); *United States v. Hampton*, 985 F.3d 530, 531 (6th
Cir. 2021) (finding evaluation of the § 1B1.13 policy statement is "no longer a requirement
courts must address in ruling on defendant-filed motions").  This means that in motions for
compassionate release brought by prisoners, once extraordinary and compelling reasons meriting
a reduction in sentence have been found, the court can skip straight to analyzing the applicable §
3553(a) factors.

Under the first step, in determining whether extraordinary and compelling reasons exist

to merit a sentence reduction, district courts have wide latitude.  *See Jones*, 980 F.3d at 1109

("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts

have full discretion in the interim to determine whether an 'extraordinary and compelling' reason

justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

Ms. Lopez is fifty-six years old, is currently an inmate at Lexington Atwood Satellite

Camp, and states that she has served "more than 60%" of her sentence and suffers from "bouts of

chronic asthma," depression, anxiety, PTSD, chronic knee pain, a compromised immune system,

sleep apnea, and states that she "still has lingering symptoms" from when she contracted Covid-

19 in December 2021.  [R. 77 at 3.]  Ms. Lopez updated her motion on March 25 with a letter

informing the Court of Covid-19 developments within her institution and enclosed the face mask

she wore, arguing that it "has not been replaced in 1 year."  [R. 85.]

A review of Ms. Lopez's medical records does not support a diagnosis of PTSD, and the

BOP is providing Ms. Lopez with medications to treat her asthma, anxiety, and depression.  [R.

81 at 102.]  Ms. Lopez's medical records also indicate that she had recovered from Covid-19 in

January 2022.  *Id.* at 66, 75.  Although the CDC has stated that those with asthma may "be at an

increased risk for severe illness…[t]here is no indication that sleep apnea" increases "any risk of

experiencing severe Covid-19 symptoms."  *United States v. Fox*, 2021 WL 850990, at *2 (W.D.

Ky. Mar. 5, 2021).

Ultimately, to the extent Ms. Lopez is concerned about her health conditions in

conjunction with the Covid-19 pandemic, Ms. Lopez is fully vaccinated, having been vaccinated

and received her booster shot.  [*Id.* at 2; R. 81 at 77, 108.]  This fact strongly weighs against a

finding of extraordinary and compelling circumstances.  *See United States v. Lemons*, 15 F. 4th

4

747, 751 (6th Cir. 2021) (finding access to Covid-19 vaccine "substantially undermines" a request for compassionate release); *United States v. Traylor*, 16 F. 4th 485, 487 (6th Cir. 2021) (finding a lack of extraordinary and compelling circumstances notwithstanding the "serious nature of [defendant's] medical conditions" because defendant had "received both doses of the Pfizer vaccine").  Accordingly, Ms. Lopez's health concerns in combination with the Covid-19 pandemic do not constitute extraordinary and compelling circumstances justifying release.

**3**

However, even if Ms. Lopez had satisfied the extraordinary and compelling circumstances standard above, her motion would still fail because she fails to satisfy the applicable § 3553(a) factors.  "[D]istrict courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."  *Ruffin*, 978 F.3d at 1008.  The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

5

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, the most applicable factors are the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence imposed. Ms. Lopez attached letters of support from fellow inmates and numerous certificates of classes she has completed while incarcerated. [R. 77-1 at 3–7, 10–47; R. 85-1.] The Court is encouraged by Ms. Lopez's efforts to better herself while incarcerated. However, the § 3553(a) do not ultimately support her release.

Ms. Lopez was a drug dealer who pleaded guilty to conspiracy to distribute heroin that resulted in serious bodily injury, which is a Class A felony. [R. 20.] The direct consequences of Ms. Lopez's actions, in addition to the distribution of heroin in and around Pulaski County, is that "F.V." ingested heroin and "would have died" if emergency responders had not intervened. *Id.* at 2. This is a very serious crime, and the Court finds that release after serving only about sixty percent of her sentence would not adequately reflect the seriousness of the offense, promote

respect for the law, provide a just punishment for the offense, or afford adequate deterrence. This is particularly true where Ms. Lopez already received a below-guideline sentence.[1] Furthermore, Ms. Lopez has a fairly lengthy criminal history that spans sixteen paragraphs of her presentence investigation report. *Id.* Though much of the criminal history is dated, it involves alcohol intoxication and multiple counts of theft by deception. Ultimately, Ms. Lopez has failed to demonstrate extraordinary and compelling circumstances justifying release or satisfaction of the § 3553(a) factors and her motion will be denied.

## B

In the alternative, Ms. Lopez asks for release to home confinement. [R. 77 at 1, 11.] The Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act) was signed into law on March 27, 2020. It contains a provision aimed at helping the BOP mitigate the spread of COVID-19 among federal inmates. Specifically, Section 12003(b)(2) provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2). Attorney General William Barr made the requisite finding in a memorandum for the Director of Bureau of Prisons dated April 3, 2020. Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most affected by COVID-19, https://www.justice.gov/file/1266661/download (last visited April 4, 2022).

The CARES Act makes placement into home confinement a matter of BOP discretion.

---

[1] Ms. Lopez received a 156-month sentence when the guideline range was 168-210 months. [R. 82 at 2.]

Nothing in either the CARES Act or 18 U.S.C. § 3624 vests the district courts with the authority to place inmates in home confinement. Such placement decisions rest squarely within the discretion of the BOP. *See United States v. Mattice*, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020) ("To the extent that [the defendant] sought placement in home confinement based on guidance from the Attorney General, the BOP has sole discretion to transfer an inmate to home confinement."); *see also United States v. Coria*, 2022 WL 814023, at *3 (E.D. Mich. Mar. 17, 2022) (finding district court lacked authority to place prisoner in home confinement because authority rests solely in the BOP's discretion); *United States v. McCann*, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020) (same). The Court is therefore without the authority to grant Ms. Lopez release to home confinement.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Ms. Lopez's Motion for Compassionate Release **[R. 77]** is **DENIED**; and

2. The United States' Sealed Motion for Leave to Seal a Document **[R. 80]** is **GRANTED**; This the 12th day of April, 2022.



Gregory F. Van Tatenhove
United States District Judge